**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4631**

───────────────

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

          v.

DAVIN JEROME STEWART,

                  Defendant - Appellant.

───────────────

**No. 10-4633**

───────────────

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

          v.

DAVIN JEROME STEWART,

                  Defendant - Appellant.

───────────────

Appeals from the United States District Court for the District
of South Carolina, at Charleston.   David C. Norton, Chief
District Judge. (2:96-cr-00115-DCN-2; 2:09-cr-00295-DCN-1)

───────────────

Submitted:  December 22, 2010      Decided:  January 21, 2011

───────────────

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

———————————

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Appellant Davin Jerome Stewart appeals the judgment of conviction entered after a jury trial and the amended judgment revoking supervised release. Stewart was convicted of one count of bank robbery and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (2006), one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to a total of 171 months' imprisonment for the three convictions. Based on the convictions, the district court revoked Stewart's supervised release and sentenced him to an additional thirty month term to run consecutive to the underlying sentences. Stewart's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal but raising for the court's consideration whether the evidence was sufficient to support the convictions and whether the sentences were reasonable. Stewart was given the opportunity to file a pro se supplemental brief but declined. The Government did not file a brief. We affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden."

United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

We conclude there was more than sufficient evidence to support all three convictions. The evidence showed that Stewart was captured by police after being seen running from one of the

4

getaway vehicles. Near where he was seized was a bag of dye-stained money, blue gloves and a ski mask similar to what was worn by the robbers. There was also evidence that one of his fingerprints was lifted off of one of the bullets taken from one of the guns. It also appeared from the surveillance video of the robbery that Stewart fit the physical type of the robber who jumped the counter and seized the money. Although Stewart was not observed using a gun, his accomplice was seen brandishing two guns during the robbery. Furthermore, Stewart stipulated to being a convicted felon and that the handguns and ammunition were manufactured outside South Carolina. We conclude there was ample evidence showing that Stewart was an active participant in the robbery, that he aided and abetted the use of a firearm in furtherance of a crime of violence, and that he was a felon in unlawful possession of ammunition.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a)

5

(2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence imposed is within the appropriate Guidelines range, on appeal it is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We review a sentence imposed after revocation of supervised release to determine whether it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006).

6

We have reviewed the Presentence Investigation Report, the Supervised Release Violation Report and the sentencing transcript and find no error. Accordingly, we affirm the sentences.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>